## UNITED STATES v. WILLIAMS et al.
### No. 1012.

District Court, D. Idaho, C. D.

Feb. 6, 1930.

H. E. Ray, U. S. Dist. Atty., and Wm. H. Langroise, Asst. U. S. Dist. Atty., both of Boise, Idaho.

Verner R. Clements, of Lewiston, Idaho, and P. W. Mitchell, of Nez Perce, Idaho, for defendants.

CAVANAH, District Judge.

On October 27, 1914, the defendant Williams, a rural mail carrier, as principal, and the defendants Turner and Brannon, as sureties, gave a bond to the United States in the sum of $500, conditioned that if the principal "shall faithfully discharge all of the duties and trusts imposed upon him as such letter carrier * * * and shall promptly pay at his rate of salary and at his own expense the compensation of any substitute rural letter carrier employed in his stead and place," the bond shall be void.

The position of the defendants is that their obligation to the plaintiff is to indemnify it to the extent of its actual damages, but not beyond that sum. It was held upon the demurrer that the bond, when applied to the allegations then appearing in the complaint, was not penal in character, but for actual damages resulting to the government for improper mail service on the part of the carrier. The stipulation of facts discloses that the government has not suffered any loss whatever by reason of the principal's failure to personally perform the service, as he actually paid out more than he received from the government in having others than himself deliver the mail. There is no complaint that the services rendered in the delivery of the mail were not done in accordance with the conditions of the bond, other than that Williams secured the services of others in the delivery of the mail. Therefore there was no actual damages resulting to the government.

Under section 734, of the Rules and Regulations of the Post Office Department, which provides that "absence of a rural carrier without the permission of the postmaster, subjects him, in addition to forfeiture of his pay for the period of such absence, to reprimand, temporary reduction of his pay, or removal from the service, as the circumstances may warrant," Williams, by employing others to deliver the mail, was subject to forfeiture of his pay, reprimand, temporary reduction of his pay, or removal from the service. If there had been any damages resulting to the government from the manner in which the services were rendered, the defendants would have

been liable in such amount as the damages appeared to be, liability of the sureties being limited to the amount of the bond. If there is no proof of special damages, the recovery upon the amount of the bond would be a nominal amount, and costs, which seems to be the view taken by counsel both for the government and defendants, as expressed in their briefs.

Judgment may be entered for the plaintiff in the sum of $1 and costs.